IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01932-PAB-BNB

CENTURY SURETY COMPANY, an Ohio corporation,

    Plaintiff,

v.

ENVIRONMENTAL PROPERTY INVESTIGATIONS, INC., a Colorado corporation;
RONALD G. WEST, a natural person;
MUSCANTO, LLC, a Colorado limited liability company; and
BONGIL HO, a natural person,

    Defendants.

**ORDER**

This matter is before the Court on plaintiff's motion for summary judgment [Docket No. 19]. The motion is fully briefed and ripe for disposition.

**I.  BACKGROUND**

Plaintiff Century Surety Company ("Century") seeks summary judgment based upon the provisions of an insurance policy held by one of the defendants, Environmental Property Investigations, Inc. ("EPI"). Specifically, Century seeks a declaratory judgment that the policy held by EPI does not obligate Century to defend EPI against claims that Muscanto, LLC ("Muscanto") and Bongil Ho have asserted against EPI in state court. Century also argues that, because it has no duty to defend, the Court should also rule that Century has no duty to indemnify. *See* Docket No. 19 at 14-15.

The policy in question provides professional and general liability coverage to EPI.

*See* Docket No. 1-1.  The policy includes a provision obligating Century to defend the insured from lawsuits or claims directly resulting from "wrongful acts" covered by the policy.  *Id*. at 21.  The policy's Professional Liability Retroactive Date limits coverage to wrongful acts that "occurred on or after" August 1, 2008, *id*. at 5, 21, and its Time Estimate Exclusion excludes coverage for "[a]ny 'claim' arising out of or based upon an insured's estimate of cost or time required to complete a project."  *Id*. at 23.

In March 2010, defendants Muscanto and Ho, a principal member and manager of Muscanto, filed a complaint in the District Court for Jefferson County, Colorado against EPI and its president, Ronald G. West ("West").  *See* Docket No. 19-1.  In the state complaint, Muscanto and Ho allege that Muscanto hired EPI in 2004 to perform environmental studies on commercial property that Muscanto was acquiring.  *Id*., ¶¶ 6, 14.  EPI identified sub-surface contamination of the property, which it attributed to the property's former use as a dry cleaner.  *Id*., ¶¶ 7-8.  EPI advised Muscanto that environmental remediation of the property would take no longer than three years and estimated the cost of the remediation to be $240,000.  *Id*., ¶ 12.  Based on these findings, Muscanto entered into an agreement with the property's seller to escrow funds totaling $250,000 for four years to pay for the remediation.  *Id*., ¶ 13.  Muscanto then authorized EPI to proceed with the proposed remediation process.  *Id*., ¶ 14.

EPI took steps to decontaminate the property.  *Id*., ¶¶ 21-23, 27.  However, these steps were allegedly neither prompt nor effective.  *Id*., ¶ 34.  The four-year escrow period expired on March 12, 2008 without EPI successfully completing the remediation.  *Id*., ¶ 24.  In February 2009, the Colorado Department of Public Health

and Environment advised Muscanto that the results of soil analysis of the site indicated an additional source of contamination beyond that identified by EPI.  *Id*., ¶ 31.  Despite this fact, EPI assured Muscanto that it had correctly identified the source of the contamination.  *Id*., ¶¶ 32, 38.

Muscanto and Ho's state complaint alleges that, as a result of EPI's failed remediation attempts, Muscanto could not refinance the property in late 2008 and early 2009, when its original loan was set to mature.  *Id*., ¶ 35.  This forced Muscanto to accept a renewal from the original lender on less favorable terms than it might otherwise have received.  *Id*.  Muscanto also alleges that it incurred, and continues to incur, additional expenses due to EPI's failure to complete the remediation.  *Id*., ¶ 72.  Muscanto believes that EPI utilized flawed procedures in its attempted remediation.  *Id*., ¶¶ 43-46.  It also alleges that, both during and after the escrow period, West and EPI misrepresented and failed to disclose material facts about the status of the remediation.  *Id*., ¶¶ 54, 58-60.  Muscanto has brought claims against West and EPI alleging breach of agreement, negligence, and fraudulent misrepresentations and omissions.  Ho's claim against West and EPI is for intentional and negligent infliction of emotional distress.

## II. STANDARD OF REVIEW

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Concrete Works, Inc. v. City &*

*County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994); *see also Ross v. The Board of Regents of the University of New Mexico*, 599 F.3d 1114, 1116 (10th Cir. 2010). A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs.*, Inc., 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & County of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*; *see McBeth v. Himes*, 598 F.3d 708, 715 (10th Cir. 2010).

### III. DISCUSSION

Under Colorado law, the duty to defend is separate and distinct from an insurer's obligation to indemnify its insured. *See Hecla Mining Co. v. N.H. Ins. Co.*, 811 P.2d 1083, 1086, n.5 (Colo. 1991). While "[t]he duty to indemnify relates to the insurer's duty to satisfy a judgment entered against the insured, . . . [t]he duty to defend concerns an insurance company's duty to affirmatively defend its insured against pending claims." *Cyprus Amax Minerals Co. v. Lexington Ins. Co.*, 74 P.3d 294, 299 (Colo. 2003) (internal quotations and citations omitted).

"An insurer seeking to avoid its duty to defend an insured bears a heavy burden." *Hecla Mining*, 811 P.2d at 1089. "[T]he insured need only show that the underlying claim may fall within policy coverage; the insurer must prove it cannot." *Compass Ins.*

*Co. v. City of Littleton*, 984 P.2d 606, 614 (Colo. 1999) (internal citations and quotations omitted). "An insurer has a duty to defend unless it can show that: (1) the allegations in the complaint against the insured describe only situations which are within the policy exclusions; and (2) there is no factual or legal basis on which the insurer might be held liable to indemnify the insured." *TerraMatrix, Inc. v. U.S. Fire Ins. Co.*, 939 P.2d 483, 486 (Colo. App. 1997). The obligation to defend is not determined by the insured's actual liability to the claimant; instead, the duty to defend arises when the allegations in the complaint, if sustained, would impose a liability covered by the policy. *See Hecla Mining*, 811 P.2d at 1089. "[W]here the insurer's duty to defend is not apparent from the pleadings in the case against the insured, but the allegations do state a claim which is potentially or arguably within the policy coverage, or there is some doubt as to whether a theory of recovery within the policy coverage has been pleaded, the insurer must accept the defense of the claim." *Id*. (internal citations and quotations omitted).

Furthermore, when a complaint alleges multiple claims, if at least one claim is potentially covered, an insurer must defend against all claims in the action. *See Management Specialists, Inc. v. Northfield Ins. Co.*, 117 P.3d 32, 37 (Colo. App. 2004). However, when the complaint "alleges facts which would establish a reasonable likelihood that the alleged tortious conduct of [the insured] is excluded from coverage . . . , the insurer may seek a declaratory judgment to determine the insured's duty to defend." *Hecla Mining*, 811 P.2d at 1089, n.9 (internal citations and quotations omitted).

A court's determination of whether an insurer has a duty to defend is confined to

its examination of the four corners of the underlying complaint. *See Weitz Co., LLC v. Mid-Century Ins. Co.*, 181 P.3d 309, 311 (Colo. App. 2007) (internal quotations and citations omitted).  "[T]he duty to defend must be determined based solely on a comparison of the allegations of the complaint made against the insured with the insuring provisions of the policy." *Employers' Fire Ins. Co. v. W. Guar. Fund Serv.*, 924 P.2d 1107, 1110 (Colo. App. 1996).  The interpretation of the policy provisions is "based upon the principles of contract interpretation." *Hecla Mining*, 811 P.2d at 1090 (internal citations omitted).  Although the determination of the insured's ultimate liability is a question of fact, *see Hecla Mining*, 811 P.2d at 1089, both the interpretation of an insurance contract and the determination of a duty to defend are questions of law.  *See Bumpers v. Guarantee Trust Life Insurance Co.*, 826 P.2d 358, 360 (Colo. App. 1991); *see also Apartment Inv. and Management Co. (AIMCO) v. Nutmeg Ins. Co.*, 593 F.3d 1188, 1193 (10th Cir. 2010) (internal citations omitted).

Century argues that Muscanto and Ho's claims against EPI and West are based solely upon the alleged failure to complete the remediation project within the four-year escrow period and upon "wrongful acts" occurring before the policy's retroactivity date of August 1, 2008, and are therefore denied coverage by the policy's Time Estimate Exclusion and Professional Liability Retroactive Date.  The Court's analysis begins and ends with the state court complaint's third claim for relief, which alleges fraudulent misrepresentations and omissions by EPI.[1]  That claim appears to depend, at least in

---

[1] Century alleges that the policy's exclusion for intentional acts precludes coverage for the intentional infliction of emotional distress and fraud claims.  Docket No. 1, ¶ 31, citing Docket No. 1-1 at 22.  Furthermore, the policy defines a "wrongful act" as an "act, error, or omission, *negligently* made."  Docket No. 1-1 at 32 (emphasis added).

6

part, upon Muscanto's allegation that EPI assured Muscanto in February 2009 that it had identified the sole source of contamination, despite being confronted with evidence to the contrary.  *See* Docket No. 19-1, ¶ 32.  The state court complaint also contains allegations of misrepresentations and omissions "[d]uring the period following the expiration of the 4-year escrow period." Docket No. 19-1, ¶¶ 58, 60.  Although it is not entirely clear when all of the alleged misrepresentations and omissions occurred, the February 9, 2009 statement certainly fell, and the other referenced misrepresentations and omissions at least "potentially" fall, within the policy coverage period.  Moreover, in light of the potential timing of the statements, it is far from clear that all of the alleged misrepresentations and omissions "aris[e] out of or [are] based upon an . . . estimate of cost or time required to complete," Docket No. 1-1 at 23, the remediation.  *See* Docket No. 19-1, ¶ 32 (alleging a misrepresentation regarding contamination source despite contrary evidence in February 2009).  Therefore, Century "must accept the defense of the claim." *Hecla Mining*, 811 P.2d at 1089.  Because, as noted above, if at least one claim is potentially covered, an insurer must defend against all claims in the action, *see Management Specialists*, 117 P.3d at 37, the Court need not address whether the other claims in the state court complaint would independently trigger Century's duty to defend.

For the foregoing reasons, summary judgment for the plaintiff on the issue of its duty to defend is not appropriate.  Because the determination of an insurer's duty to

---

Century also alleges that Muscanto's breach of contract claim was excluded by the policy's Contractual Liability Exclusion.  Docket No. 1, ¶ 30, citing Docket No. 1-1 at 22.  However, the plaintiff has not sought summary judgment on either of these grounds.

defend is restricted to an examination of the "four corners of the underlying complaint," *Weitz*, 181 P.3d at 311, and "[w]hether claims against an insured are excluded from coverage by an insurance contract is a matter of law," *Fire Ins. Exchange v. Sullivan*, 224 P.3d 348, 351 (Colo. App. 2009), the Court has the necessary information to rule on this issue. Although the defendants have not moved for summary judgment, a court may, after giving notice and a reasonable time to respond, grant summary judgment for a nonmovant. Fed. R. Civ. P. 56(f)(1). Therefore, the court will give the plaintiff the opportunity to show why partial summary judgment should not be entered for the defendant on the issue of the plaintiff's duty to defend.

Although the focus of Century's motion is the duty to defend, it has included a paragraph at the end of its motion arguing that, if no duty to defend exists, no duty to indemnify can arise. *See* Docket No. 19 at 14. Because the Court finds that Century does have a duty to defend, the Court will not address the duty to indemnify.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiff Century's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 [Docket No. 19] is DENIED. It is further

**ORDERED** that, on or before August 30, 2011, plaintiff shall show cause why, given this ruling, summary judgment should not be entered in favor of defendants on the plaintiff's duty to defend claim and why plaintiff's duty to indemnify claim should not be dismissed without prejudice as premature.

DATED August 22, 2011.

                                 BY THE COURT:

                                 s/Philip A. Brimmer
                                 PHILIP A. BRIMMER
                                 United States District Judge